■ JEAN CLAUDE SAINT VICTOR, Respondent, v METROPOLITAN TRANSPORTATION AUTHORITY, Appellant. [903 NYS2d 55]—In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Rosengarten, J.), entered May 22, 2009, which denied its motion to dismiss the complaint and granted the plaintiff's cross motion, in effect, to designate the MTA Bus Company as a party defendant in place of the defendant Metropolitan Transportation Authority and to deem the summons and complaint served on the MTA Bus Company.

Ordered that the appeal from so much of the order as granted the plaintiff's cross motion, in effect, to designate the MTA Bus Company as a party defendant in place of the defendant Metropolitan Transportation Authority and to deem the summons and complaint served on the MTA Bus Company is dismissed, as the defendant Metropolitan Transportation Authority is not aggrieved by that portion of the order (see CPLR 5511); and it is further,

Ordered that the appeal from so much of the order as denied the motion of the defendant Metropolitan Transportation Authority to dismiss the complaint is dismissed as academic; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

To the extent that the order appealed from granted the plaintiff's cross motion, in effect, to designate the MTA Bus Company as a party defendant in place of the defendant Metropolitan Transportation Authority (hereinafter the appellant) and to deem the summons and complaint served on the MTA Bus Company, the appellant is not aggrieved thereby. Further, since the appellant is no longer a defendant in this case as a result of the Supreme Court's granting of the plaintiff's cross motion, the appeal from so much of the order as denied the appellant's motion to dismiss the complaint must be dismissed as academic. Dillon, J.P., Santucci, Balkin and Sgroi, JJ., concur.